**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Kendall Simmons | : |
| 411 Atlantic Street, SE | : |
| Washington, DC 20032 | : Civil Action No.:_____ |
|     Plaintiff | : |
| | : |
| v. | : |
| District of Columbia Government | : |
| 441 4th Street, NW, Suite 800S | : |
| Washington, DC 20001 | : |
| | : |
|     And | : |
| Daniel Tipps, in his official | : |
| and individual capacity | : |
| 2455 Alabama Avenue, SE | : |
| Washington, DC 20020 | : |
| | : |
|     And | : |
| Anthony Labruno, in his official | : |
| and individual capacity | : |
| 2455 Alabama Avenue, SE | : |
| Washington, DC 20020 | : |
| | : |
|     And | : |
| David Whitehead, in his official | : |
| and individual capacity | : |
| 2455 Alabama Avenue, SE | : |
| Washington, DC 20020 | : |
| | : |
|     Defendants | : |
| | : |

**COMPLAINT WITH REQUEST FOR TRIAL BY JURY**

Plaintiff Kendall Simmons, by and through his attorneys, the Law Offices of Lawrence B. Manley & Associates, LLC, complains against Defendants and requests trial by jury as follows:

# I.NTRODUCTION

1. This is an action brought by Kendall Simmons, to vindicate profound deprivations of his constitutional rights caused by police brutality. On or about June 2, 2017, Kendall Simmons, born 5/14/1990, a Ward Eight ANC member of the DC School Board, while in the District of Columbia, was assaulted and viciously attacked, without provocation or legal cause, by officer(s) Daniel Tipps, Anthony Labruno and David Whitehead, police officers employed by the DC Police Metropolitan police force, causing Mr. Simmons to sustain severe concussion and brief loss of vision and other injuries to his neck and back.

## II.   JURISDICTION, VENUE, AND NOTICE

2. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

3. This case is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

4. NOTICE was provided to the Mayor of the District of Columbia via the Office of Risk Management pursuant to Section 12-309, DC Official Code (2001).

## III.   PARTIES

5. At all times relevant hereto, Plaintiff Kendall Simmons was a resident of the District of Columbia and a citizen of the United States of America.

6. Defendant District of Columbia, hereinafter "Defendant DC" is a municipal corporation and

is the legal entity responsible for itself and for the District of Columbia Metropolitan Police Department. This Defendant is also the employer of the individual Defendant and is a proper entity to be sued under 42 U.S.C. § 1983.

7. Defendant Daniel Tipps was at all times herein a police officer employed by the District of Columbia Metropolitan Police department.

8. Defendant Anthony Labruno was at all times herein a police officers employed by the District of Columbia Metropolitan Police department.

9. Defendant David Whitehead was at all times herein a police officer employed by the District of Columbia Metropolitan Police department.

## IV. STATEMENT OF FACTS

10. Plaintiff incorporates all of the preceding paragraphs, including the allegations, as if they were fully set forth again at this point.

11. On June 2, 2017 at approximately 9:00 pm, Mr. Kendall Simmons was walking in the 1300 block of Congress St. SE. Mr. Simmons was approached by Officers Tipps, Labruno and Whitehead.

12. The officers exited their vehicle and demanded Mr. Simmons to take his hands from his pockets and asked whether he had a gun in his pocket.

11. Without warning or provocation Officers Daniel Tipps and Officer David Whitehead slammed Mr. Simmons to the sidewalk ground and secured handcuffs.

12. Mr. Simmons head violently hit the sidewalk. Mr. Simmons suffered a concussion with brief LOC and vision.

13. The officers frisked Mr. Simmons and found no weapons in his possession.

14. Mr. Simmons was injured, complained of pain and requested medical treatment.

15. Mr. Simmons was transported to GWU hospital. He was subsequently provided medical services from the Lanham Therapy Center.

16. At the time of this incident, Plaintiff was unarmed and was no match for the armed officer, nor had the plaintiff in any way provoked the officer.

17. The attack by officers Tipps and Whitehead was unprovoked, unexpected and demonstrated extreme brutality.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**
(**Against Defendants Tipps Whitehead, Labruno and District of Columbia**)

18. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.
    42 U.S.C. § 1983 provides that:

    "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress."

19. Plaintiff in this action is a citizen of the United States and the individual police officer Defendant to this claim are persons for purposes of 42 U.S.C. § 1983.

20. The individual Defendants, officers Tipps, Whitehead and Labruno, at all times relevant hereto, was acting under the color of state law in his capacity as District of Columbia Metropolitan Police Department police officers and his acts or omissions were conducted within the scope of his official duties or employment.

21. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure

through excessive force.

22. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

23. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

24. Defendants Tipps, Labruno and Whitehead's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these Fourth Amendment rights of Plaintiff.

25. Defendant Tipps, Labruno and Whitehead's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Simmons' federally protected rights. The force used by these Defendant(s) officer shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

26. Defendants Tipps, Labruno and Whitehead unlawfully seized Mr. Simmon by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Simmons of his freedom.

27. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

28. Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Simmons' federally protected constitutional rights.

29. Officers Tipps, Labruno and Whitehead did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

5

30. The acts or omissions of Defendants Tipps, Labruna and Whitehead were moving forces behind the Plaintiff's injuries.
31. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.
32. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.
33. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.
34. Defendant Tipps, Labruno and Whitehead's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these Fourth Amendment rights of Plaintiff.
35. Defendants Tipps, Labruno and Whitehead's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Simmons' federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.
36. Defendants Tipps, Labruno and Whitehead unlawfully seized Mr. White by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Simmons' of his freedom.
37. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.
38. Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Simmons's federally protected constitutional rights.

39. Officer Tipps, Labruno and Whitehead did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

40. The acts or omissions of Defendants Tipps, Whitehead and Labruno were moving forces causing Plaintiff's injuries.

### SECOND CLAIM FOR RELIEF
**Assault – an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim**
(Against Defendants Tipps Whitehead, Labruno and District of Columbia)

41. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42. Without warning or provocation, and with malice, officer Tipps and Whitehead slammed Mr. Simmons to the sidewalk ground, causing injury to Mr. Simmons.

### THIRD CLAIM FOR RELIEF
**Battery – an intentional act that causes a harmful or offensive bodily contact.**
(Against Defendants Tipps Whitehead, Labruno and District of Columbia)

43. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

44. Without warning or provocation, and with malice, officers Tipps, Whitehead and Labruno brutally slammed Mr. Simmons to the sidewalk ground, causing injury to Mr. Simmons.

### FORTH CLAIM FOR RELIEF
**Gross negligence**
(Against Defendants Tipps Whitehead, Labruno and District of Columbia)

45. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

46. Without warning or provocation, and with malice, officers Tipps, Whitehead and Labruno brutally slammed Mr. Simmons to the sidewalk ground, causing injury to Mr. Simmons.

### FIFTH CLAIM FOR RELIEF
**Punitive Damages**
(Against Defendants Tipps Whitehead, and Labruno)

47. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

48. Without warning or provocation, and with malice, officers Tipps, Whitehead and Labruno brutally slammed Mr. Simmons to the sidewalk ground, causing injury to Mr. Simmons.

### VI.   PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988,

Dated: April 7, 2018

By: Law Office of Lawrence B. Manley and Associates, LLC

/S/ Lawrence B. Manley
Lawrence B. Manley, Esq. Bar # 379702
700 12th Street, N.W., Suite 700
Washington, DC 20005
Office: (202) 499-2141; Cell (202) 256-4524
Fax (240) 414-1120
Attorney for Plaintiff

**PLAINTIFF REQUESTS A TRIAL BY JURY**

/s/ Lawrence B. Manley
Lawrence B. Manley, Esq.